UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| DEMETRIUS CROWELL, ) | |
| ) | Civil No. 12-44-GFVT |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| J. C. HOLLAND, Warden, ) | **ORDER** |
| ) | |
| Respondent. ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Demetrius Crowell is an inmate currently confined in the Federal Correctional Institution in Manchester, Kentucky. Crowell has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' (BOP) calculation of his sentence. [R. 1] Specifically, Crowell contends that the BOP has erred by not crediting six years and ten months he spent in the custody of the Alabama Department of Corrections against his federal sentence. To correct this perceived error, Crowell requests the Court to order the BOP to retroactively designate the state prison as the place of service for the aforementioned period of time.

The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

1

555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

On March 28, 2002, a federal grand jury in the United States District Court for the Northern District of Alabama indicted Crowell with importing/manufacturing firearms in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(1)(B) and with the unlawful transport of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). *United States v. Crowell,* No. 7:02-CR-00130-CLS (N.D. Ala. 2002). At the time, Crowell was incarcerated in the Draper Correctional Institution, a state prison in Alabama, serving a pre-existing state sentence. He was taken into federal custody pursuant to a writ of habeas corpus *ad prosequendum* for his initial appearance and arraignment on the federal charges. Pursuant to a written plea agreement, on June 11, 2002, Crowell pled guilty to both counts of the indictment. On October 23, 2002, the federal court sentenced Crowell to a cumulative 180-month term of imprisonment, and directed that it run consecutively to the Alabama state sentence Crowell was then serving. On December 31, 2007, Crowell's state sentence expired and he was transferred into federal custody to begin serving his federal sentence.

Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is governed by federal statute, 18 U.S.C. § 3585:

> (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be

>served.
>(b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>>(1) as a result of the offense for which the sentence was imposed; or
>>(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>that has not been credited against another sentence.

18 U.S.C. § 3585.  The BOP implements § 3585 through Program Statement 5880.28.

In his petition, Crowell contends that because the conduct which resulted in his state conviction was also the basis for the federal conviction, and that since the federal sentence was enhanced because of the state conviction, his federal sentence should have commenced on October 23, 2002, the date it was imposed, pursuant to 18 U.S.C. § 3585(a).  [R. 1-1 at 8.] However, a federal sentence does not commence until "the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).  When Crowell was sentenced in federal court, he was in federal custody solely pursuant to a writ of habeas corpus *ad prosequendum*, a device which required his return to Alabama authorities upon conclusion of the federal prosecution. *Easley v. Steep*, 5 F. App'x 541, 543 (7th Cir. 2001). After imposition of the federal sentence on October 23, 2002, he was properly returned to Alabama state authorities and returned to state prison.  It was not until December 31, 2007, when he completed his state sentence and was transferred to federal authorities to "commence service of sentence at [] the official detention facility at which the sentence is to be served," 18 U.S.C. § 3585(a), that Crowell's federal sentence commenced.  Because the record fails to indicate that

3

Crowell is entitled to additional credit, his petition does not provide a basis for relief.

Crowell was in state custody on October 23, 2002, the date the federal sentence was imposed. Per federal law, his federal sentence could not, and therefore did not, commence until he was released from state custody. Also, because Crowell's federal sentence was ordered to run consecutively to his state sentence, Crowell is not eligible for a retroactive designation pursuant to *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990). For these reasons, Crowell's habeas petition fails to present grounds for relief.

Accordingly, **IT IS ORDERED** that:

1. Crowell's petition for writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This 30th of April, 2013.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge